IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CHRISTOPHER PAUL POULAIN,**

       Petitioner,

           v.                     No. 10-cv-1085-AC
                                         OPINION AND ORDER

**JEFF PREMO,**

       Respondent.

Kristina S. Hellman
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
       Attorney for Petitioner

John Kroger
Attorney General
Andrew D. Hallman
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, Oregon 97301
       Attorneys for Respondent

Opinion and Order, Page 1

**SIMON, District Judge:**

On October 5, 2011, the Honorable John Acosta, United States Magistrate Judge, filed Findings and Recommendation ("F & R") (Doc. # 20). The matter is now before me pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), and Rule 72(b) of the Federal Rules of Civil Procedure. Under the Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009). De novo review means that the court "considers the matter anew, as if no decision had been rendered." *Dawson,* 561 F.3d at 933.

Petitioner has filed timely objections to Judge Acosta's recommendation that his Petition for Writ of Habeas Corpus (doc. # 1) be denied, the case dismissed with prejudice, and a Certificate of Appealability not be issued. After de novo review, I adopt the F & R with one modification.

## PETITIONER'S OBJECTIONS

Petitioner objects to the following findings and recommendations:

1. The finding that Petitioner "and another man entered a residence and stabbed three occupants." F & R p. 2. Petitioner asserts that the record reflects three men were stabbed, but is unclear who stabbed the third victim. It was also represented that Mr. Poulain attacked only one of the other men. Resp. Ex. 105, p. 9, 10.

2. The finding that Mr. Poulain did not overcome the presumption that the post-

Opinion and Order, Page 2

           conviction review ("PCR") court's rulings were presumed correct. F & R p. 15.

3.       The finding that there was ample evidence in the record to support the PCR court's findings. F & R p. 15.

4.       The finding that Mr. Poulain "did not show the PCR court that counsel's conduct was below objective standards of reasonableness." F & R p. 15.

5.       The finding that Mr. Poulain "did not show he would have gone to trial on the aggravated murder charges had counsel's explanation of the plea agreement been different." F & R p. 15. Petitioner objects, first, on the ground that he was not facing an aggravated murder charge, *see* Resp. Ex. 102 (indictment reflecting charge of murder, not aggravated murder) and, second, that it is Mr. Poulain's position that he did make such a showing.

6.       The finding that "it was not an unreasonable determination of the factual record for the PCR court to find Petitioner knew he could receive consecutive sentencing and that counsel had not made assurances regarding concurrent sentencing." F & R p. 15.

7.       The finding that Mr. Poulain did not demonstrate an "unreasonable determination of the record and an unreasonable application of *Strickland* [*v. Washington,* 466 U.S. 668 (1984) (stating requirements for a showing of ineffective assistance of counsel)], and *Hill [v. Lockhart,* 474 U.S. 52 (1985) (stating requirements for a showing of ineffective assistance of counsel in the context of a guilty plea)] for the PCR court to deny relief." F & R pp. 15-16.

8.       The recommendation that the petition be denied and the case dismissed.

        9.       The recommendation that a Certificate of Appealability not be granted.

Petitioner's objections are not accompanied by argument, except for the statement that Petitioner's objections "are supported by the record in this case and the previously filed brief in support." (Doc. # 19)

## DISCUSSION

I find no merit in Petitioner's first objection. Judge Acosta's finding is not inconsistent with a representation in the record that Petitioner stabbed only one of the three men--it merely states that Petitioner and another man entered a residence and stabbed three occupants. The statement, although somewhat ambiguous, is not factually inaccurate.

I find no legal error in Judge Acosta's conclusions that: (1) Petitioner did not overcome the presumption that the post-conviction court's rulings were presumed correct; (2) there was ample evidence in the record to support the PCR court's findings; (3) Petitioner had not demonstrated that counsel's conduct was below objective standards of reasonableness to the PCR court; (4) it was not an unreasonable determination of the factual record for the PCR court to find Petitioner knew he could receive consecutive sentencing and that counsel had not made assurances regarding concurrent sentencing; and (5) Petitioner had not demonstrated an unreasonable determination of the record and an unreasonable application of *Strickland* and *Hill* by the PCR court. As Judge Acosta noted in the F & R, federal habeas courts are required to give great deference to the state court decisions under review. *Williams v. Taylor,* 529 U.S. 362, 386-89 (2000), *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398-1402 (2011). I therefore find no error in Judge Acosta's recommendations that the petition be denied, the case dismissed, and a Certificate of Appealability not be provided.

Opinion and Order, Page 4

Judge Acosta's statement in the F & R that Petitioner did not show he would have gone to trial on the aggravated murder charge had counsel's explanation of the plea agreement been different is ambiguous, but not factually inaccurate. Petitioner was indicted for murder. Resp. Ex. 102, 103. At a hearing on July 10, 2006, Petitioner entered pleas of no contest to Manslaughter in the First Degree, Assault in the First Degree, and Assault in the Second Degree. *Id.* at Ex. 105, p. 2. The prosecutor stated at the hearing that as a consequence of Petitioner's plea, the state agreed "not to pursue dangerous offender status against the defendant, and also there is a theory under which Aggravated Murder charges could have been filed and we're not going to be doing that." *Id.*

Judge Acosta correctly states that Petitioner was indicted for murder. F & R p. 2. Judge Acosta correctly summarizes the prosecution's statements at the plea hearing. *Id.* at p. 3. At the time of the plea hearing, Petitioner had been charged with murder, but as a result of the plea, the prosecution agreed not to pursue a theory of aggravated murder. While Judge Acosta's statement that "Petitioner did not show he would have gone to trial on the aggravated murder charge had counsels' explanation of the plea agreement been different," F & R p. 15, is somewhat ambiguous, it does not contain a factual error.

The court ADOPTS the Findings and Recommendation (doc. # 20).

IT IS SO ORDERED.

Dated this 3rd day of January, 2012.

                                             /s/ Michael H. Simon
                                             Michael H. Simon
                                             United States District Judge